IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A.<br>    *Plaintiff*,<br><br>vs.<br><br>GOODWIN ORTHODONTICS, PLLC,<br>MICHAEL D. GOODWIN,<br>PATRICIA Y. GOODWIN,<br>CHENOA TEXAS, LLC,<br>CHENOA PROPERTIES, LLC, AND<br>MICHAEL D. GOODWIN, D.D.S., M.S., A<br>PROFESSIONAL CORPORATION,<br>    *Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

JPMorgan Chase Bank, N.A. ("Chase Bank") files this Original Complaint against Goodwin Orthodontics, PLLC ("Goodwin Orthodontics"), Michael D. Goodwin, and Patricia Goodwin, Chenoa Texas, LLC ("Chenoa Texas"), Chenoa Properties, LLC ("Chenoa Properties"), and Michael D. Goodwin, D.D.S., M.S., a Professional Corporation ("Goodwin DDS") (collectively, the "Defendants").

### I. PARTIES

1. Plaintiff JPMorgan Chase Bank, N.A., is a national bank and is a citizen of Ohio. Chase Bank is authorized to do business in the State of Texas.

2. Defendant Goodwin Orthodontics, PLLC is a professional limited liability company formed under the laws of the State of Texas whose principal place of business is in Amarillo, Texas. On information and belief, all members of Goodwin Orthodontics are citizens of the State of Texas or citizens of the State of Indiana. Goodwin Orthodontics may be served through its registered agent, Mr. Michael D. Goodwin, 6102 Glenwood Drive, Amarillo, Texas 79119, or at 3629 Wolfin Avenue, Amarillo, Texas 79106, or at 11045 Broadway, Suite B,

6186353v.14

Crown Point, Indiana 46307, or at 11684 W. Valley Drive, Crown Point, Indiana 46307, or wherever else he may be found.

3.  Defendant Michael D. Goodwin is an individual residing in the state of Texas or Indiana and may be served at 6102 Glenwood Drive, Amarillo, Texas 79119, or at 3629 Wolfin Avenue, Amarillo, Texas 79106, or at 11045 Broadway, Suite B, Crown Point, Indiana 46307, or at 11684 W. Valley Drive, Crown Point, Indiana 46307, or wherever else he may be found. On information and belief, Michael D. Goodwin is not on active duty in any branch of military forces of the United States Government.

4.  Defendant Patricia Y. Goodwin is an individual residing in the state of Texas or Indiana and may be served at 6102 Glenwood Drive, Amarillo, Texas 79119, or at 3629 Wolfin Avenue, Amarillo, Texas 79106, or at 11045 Broadway, Suite B, Crown Point, Indiana 46307, or at 11684 W. Valley Drive, Crown Point, Indiana 46307, or wherever else she may be found. On information and belief, Patricia Y. Goodwin is not on active duty in any branch of military forces of the United States Government.

5.  Defendant Chenoa Texas, LLC is a limited liability company formed under the laws of the State of Texas whose principal place of business is in Amarillo, Texas. On information and belief, all members of Chenoa Texas are citizens of the State of Texas or citizens of the State of Indiana. Chenoa Texas may be served through its registered agent, Mr. Michael D. Goodwin, 6102 Glenwood Drive, Amarillo, Texas 79119, or at 3629 Wolfin Avenue, Amarillo, Texas 79106, or at 11045 Broadway, Suite B, Crown Point, Indiana 46307, or at 11684 W. Valley Drive, Crown Point, Indiana 46307, or wherever else he may be found.

6.  Defendant Chenoa Properties, LLC is a limited liability company formed under the laws of the State of Indiana whose principal place of business is in Crown Point, Indiana. On

information and belief, all members of Chenoa Properties are citizens of the State of Texas or citizens of the State of Indiana. Chenoa Properties may be served through its registered agent, Mr. Michael D. Goodwin, 6102 Glenwood Drive, Amarillo, Texas 79119, or at 3629 Wolfin Avenue, Amarillo, Texas 79106, or at 11045 Broadway, Suite B, Crown Point, Indiana 46307, or at 11684 W. Valley Drive, Crown Point, Indiana 46307, or wherever else he may be found.

7.     Defendant Michael D. Goodwin, D.D.S., M.S., a Professional Corporation, is an professional corporation formed under the laws of the State of Indiana whose principal place of business is in Crown Point, Indiana. Goodwin DDS may be served through its registered agent, Mr. Michael D. Goodwin, 6102 Glenwood Drive, Amarillo, Texas 79119, or at 3629 Wolfin Avenue, Amarillo, Texas 79106, or at 11045 Broadway, Suite B, Crown Point, Indiana 46307, or at 11684 W. Valley Drive, Crown Point, Indiana 46307, or wherever else he may be found.

## II. JURISDICTION AND VENUE

8.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Chase Bank and Defendants are citizens of different states and Plaintiff's claims against each of the Defendants exceeds $75,000.00, exclusive of interest and costs.

9.     This Court has venue of this case pursuant to 28 U.S.C. § 1391(a)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

10.    Also, pursuant to the terms of the loan documents executed by Defendants, the parties agreed to submit to the jurisdiction and venue in any state or federal court located in Potter County, Texas. The United States District Court for the Northern District of Texas, Amarillo Division, is a federal court located in Potter County, Texas.

## III. FACTUAL BACKGROUND

### A. The 9001 Loan Documents

11. Goodwin Orthodontics executed and delivered to Chase Bank a U.S. Small Business Administration Note dated January 7, 2008, Chase Bank loan number **********9001 (the "9001 Contract"). The 9001 Contract was in the principal amount of $1,337,300.00. Under the terms of the 9001 Contract, accrued interest was due and payable monthly, on the 20th day of each month, beginning February 20, 2008. The 9001 Contract was signed by Michael D. Goodwin in his capacity as member of Goodwin Orthodontics.

12. Contemporaneously with the execution of the 9001 Contract, Goodwin Orthodontics executed a Loan Agreement (the "Loan Agreement") which set forth, among other things, certain obligations and conditions under the 9001 Contract.

13. In connection with the 9001 Contract, Michael D. Goodwin executed and delivered to Chase Bank a U.S. Small Business Administration Unconditional Guaranty whereby he unconditionally guaranteed the payment and performance of all of Goodwin Orthodontics' indebtedness under the 9001 Contract (the "9001 Guaranty").

14. Collectively, the Note, Loan Agreement, and the 9001 Guaranty are referred to hereafter as the "9001 Loan Documents."

### B. The 9005 Loan Documents

15. Goodwin Orthodontics executed and delivered to Chase Bank a Promissory Note dated February 18, 2010, Chase Bank loan number **********9005 (the "9005 Contract"). The 9005 Contract was in the principal amount of $250,000.00. Under the terms of the 9005 Contract, accrued interest was due and payable monthly, on the 1st day of each month, beginning April 1, 2010. Under the terms of the 9005 Contract, Goodwin Orthodontics was required to pay

the balance due (principal, all unpaid accrued interest, costs, attorneys' fees, and expenses) in the event of default. The 9005 Contract also included a security agreement and contains terms which set forth certain obligations and conditions under the 9005 Contract. The 9005 Contract was signed by Michael D. Goodwin in his capacity as president of Goodwin Orthodontics.

16. In connection with the 9005 Contract, Michael D. Goodwin and Patricia Y. Goodwin executed and delivered to Chase Bank a "Continuing Unlimited Guaranty" agreement whereby they unconditionally guaranteed the payment and performance of all of Goodwin Orthodontics' indebtedness to Chase Bank (the "9005 Guaranty"). Accordingly, Michael D. Goodwin and Patricia Y. Goodwin guarantied Goodwin Orthodontics' indebtedness related to the 9001 Contract and the 9005 Contract.

17. Collectively, the 9005 Contract and the 9005 Guaranty are referred to hereafter as the "9005 Loan Documents."

### C. The Chenoa Texas Contract

18. Chenoa Texas executed and delivered to Chase Bank a Promissory Note dated December 29, 2008 (the "Chenoa Texas Contract"). On February 1, 2010, Chenoa Texas executed and delivered to Chase Bank a Change in Terms Agreement modifying some of the terms of the Chenoa Texas Contract.

19. The Chenoa Texas Contract was in the principal amount of $709,485.00. Under the terms of the Chenoa Texas Contract, as modified, principal and accrued interest was due and payable monthly, on the 18th day of each month, beginning March 18, 2010. Under the terms of the Chenoa Texas Contract, as modified, Chenoa Texas was required to pay the balance due (principal, all unpaid accrued interest, costs, attorneys' fees, and expenses) in the event of default. The Chenoa Texas Contract also included a security agreement and contains terms which

set forth certain obligations and conditions under the Chenoa Texas Contract. The Chenoa Texas Contract and the Change in Terms Agreement were signed by Michael D. Goodwin in his capacity as managing member of Chenoa Texas.

20.  In connection with the Chenoa Texas Contract, Michael D. Goodwin, Patricia Y. Goodwin, Goodwin DDS, and Goodwin Orthodontics each executed and delivered to Chase Bank "Commercial Guaranty" agreements whereby they unconditionally guaranteed the payment and performance of all of Chenoa Texas' indebtedness to Chase Bank (the "Chenoa Texas Guaranties"). Accordingly, Michael D. Goodwin, Patricia Y. Goodwin, Goodwin DDS, and Goodwin Orthodontics guarantied Chenoa Texas' indebtedness related to the Chenoa Texas Contract.

21.  Collectively, the Chenoa Texas Contract, the Change in Terms Agreement, the Chenoa Texas Guaranties, and the related documents are referred to hereafter as the "Chenoa Texas Loan Documents."

### D.  The Chenoa Properties Contract

22.  Chenoa Properties executed and delivered to Chase Bank a Promissory Note dated July 24, 2008 (the "Chenoa Properties Contract"). As reflected on the face of the Chenoa Properties Contract, Chenoa Properties executed the Chenoa Properties Contract with Chase Bank in Amarillo, Texas, and Chenoa Properties expressly agreed that, "[i]f there is a lawsuit, [Chenoa Properties] agrees to submit to the jurisdiction of the courts in the county… in which [Chase Bank's] loan production office is located." *Id.* at p. 2.

23.  The Chenoa Properties Contract was in the principal amount of $705,571.46. Under the terms of the Chenoa Properties Contract, principal and accrued interest was due and payable monthly, on the 17th day of each month, beginning August 17, 2008. Under the terms of

the Chenoa Properties Contract, Chenoa Properties was required to pay the balance due (principal, all unpaid accrued interest, costs, attorneys' fees, and expenses) in the event of default. The Chenoa Properties Contract also included a security agreement and contains terms which set forth certain obligations and conditions under the Chenoa Properties Contract. The Chenoa Properties Contract was signed by Michael D. Goodwin in his capacity as president of Chenoa Properties and by Patricia Y. Goodwin in her capacity as secretary of Chenoa Properties.

24. In connection with the Chenoa Properties Contract, Michael D. Goodwin and Goodwin DDS each executed and delivered to Chase Bank "Commercial Guaranty" agreements whereby they unconditionally guaranteed the payment and performance of all of Chenoa Properties' indebtedness to Chase Bank (the "Chenoa Properties Guaranties"). Accordingly, Michael D. Goodwin and Goodwin DDS guarantied Chenoa Properties' indebtedness related to the Chenoa Properties Contract.

25. Collectively, the Chenoa Properties Contract, the Chenoa Properties Guaranties, and the related documents are referred to hereafter as the "Chenoa Properties Loan Documents."

### E.     Default and Non-Payment

26. On May 24, 2011, United States Magistrate Judge Clinton Averitte signed a seizure warrant permitting the Federal Bureau of Investigation to seize $726,289.12 from Goodwin Orthodontics' account with Chase Bank. That warrant was issued at the request of the Federal Bureau of Investigation and constituted a civil forfeiture demand that arose out of Goodwin Orthodontics' alleged commission of federal health care fraud.

27. Defendants were aware of the ongoing investigation which led to the issuance of the seizure warrant, but did not notify Chase Bank Chase Bank of material information related to the accounts and material risks to Defendants' collateral. Both the 9001 Loan Documents and the

9005 Loan Documents require such notice. Chase Bank learned of the ongoing investigation only after it was served with the first seizure warrant. Chase Bank's representatives then conferred with Goodwin Orthodontics in an attempt to address the issues arising out of the seizure.

28. On July 6, 2011, United States Magistrate Judge Clinton Averitte signed a second seizure warrant permitting the Federal Bureau of Investigation to seize more than $160,000.00 from four separate Chase Bank accounts controlled by Chenoa Texas, Michael D. Goodwin, Patricia Y. Goodwin, and Goodwin Orthodontics. The second seizure warrant also related to Defendants' alleged commission of federal health care fraud.

29. On July 8, 2011, following the second seizure, Chase Bank notified Defendants that they were in default by:

> (i) failing to make payments under the [9001 Contract and the 9005 Contract] as they became due and (ii) failing to comply with all covenants, agreements or terms in the [9001 Loan Documents and 9005 Loan Documents], including, but not limited to: (a) the commencement of foreclosure, replevin, repossession, attachment, levy, execution or forfeiture proceeding, whether by judicial proceeding, self help or any other method by any creditor or government agency against the [Chase Bank's] collateral; (b) material adverse changes occurring in the business assets, affairs, prospects or financial condition of [Defendants]; (c) adverse changes in financial conditions or business operations that [Chase Bank] believes may materially affect [Goodwin Orthodontics'] ability to pay th[e] [9001 Contract and the 9005 Contract]; and (d) [Goodwin Orthodontics] becoming the subject of a civil or criminal action that [Chase Bank] believes may materially affect [Goodwin Orthodontics'] ability to pay the [9001 Contract and the 9005 Contract].

The letter also informed Defendants that all sums due under the 9001 Loan Documents and the 9005 Loan Documents had been accelerated and were now due.

30. Based on Defendants' default under the 9005 Loan Documents, the line of credit created by the 9005 Contract was cancelled and the Final Availability terms under that note were invoked. Pursuant to the terms of the 9005 Contract, when the Final Availability terms are

triggered, the 9005 Contract requires monthly payments of principal and interest. Defendants have failed to make these payments when and in the amount due.

31. On February 20, 2012, Chase Bank notified Defendants that they were in default under the Chenoa Texas Loan Documents and the Chenoa Properties Loan Documents.

32. Following acceleration and demand for payment, Defendants Goodwin Orthodontics, Michael D. Goodwin, Patricia Y. Goodwin, Chenoa Texas, Chenoa Properties, and Goodwin DDS have failed and refused to pay all sums due and owing under the 9001 Loan Documents, the 9005 Loan Documents, the Chenoa Texas Loan Documents, and the Chenoa Properties Loan Documents. Chase Bank has exercised its right of set-off of business and personal accounts and applied the funds to the notes; however, sums are still due and owing under all notes.

## IV. CAUSES OF ACTION

**Count 1:** **Breach of Contract (Suit on the 9001 Contract and the 9005 Contract).**

33. Goodwin Orthodontics failed and refused, and continues to refuse, to pay Chase Bank the amounts due and owing under the 9001 Contract and the 9005 Contract. Goodwin Orthodontics' failure to pay the amounts due and owing constitutes a material breach of contract.

34. Chase Bank has notified Goodwin Orthodontics that it is in default of its obligations under the 9001 Loan Documents and the 9005 Loan Documents.

35. Chase Bank has performed all conditions precedent to enforcement of the 9001 Contract and the 9005 Contract or they have been waived.

36. As a result of the breaches by Goodwin Orthodontics, Chase Bank has been damaged in an amount within the jurisdictional limits of this Court. As of February 14, 2012, the principal amount due on the 9001 Contract is $596,723.99, and the principal amount due on the

9005 Contract is $83,008.92. These amounts do not include any accrued interest, costs, or attorneys' fees which are owed to Chase Bank by Goodwin Orthodontics and which continue to accrue.

**Count 2:** **Breach of Contract (Suit on the Chenoa Texas Contract).**

37. Chenoa Texas failed and refused, and continues to refuse, to pay Chase Bank the amounts due and owing under the Chenoa Texas Contract, as modified by the Change in Terms Agreement. Chenoa Texas' failure to pay the amounts due and owing constitutes a material breach of contract.

38. Chase Bank has notified Chenoa Texas that it is in default of its obligations under the Chenoa Texas Contract.

39. Chase Bank has performed all conditions precedent to enforcement of the Chenoa Texas Contract or they have been waived.

40. As a result of the breaches by Chenoa Texas, Chase Bank has been damaged in an amount within the jurisdictional limits of this Court. As of February 29, 2012, the principal amount due on the Chenoa Texas Contract is $670,997.78. This amount does not include any accrued interest, costs, or attorneys' fees which are owed to Chase Bank by Chenoa Texas and which continue to accrue.

**Count 3:** **Breach of Contract (Suit on the Chenoa Properties Contract).**

41. Chenoa Properties failed and refused, and continues to refuse, to pay Chase Bank the amounts due and owing under the Chenoa Properties Contract. Chenoa Properties' failure to pay the amounts due and owing constitutes a material breach of contract.

42. Chase Bank has notified Chenoa Properties that it is in default of its obligations under the Chenoa Properties Contract.

43. Chase Bank has performed all conditions precedent to enforcement of the Chenoa Properties Contract or they have been waived.

44. As a result of the breaches by Chenoa Properties, Chase Bank has been damaged in an amount within the jurisdictional limits of this Court. As of February 29, 2012, the principal amount due on the Chenoa Properties Contract is $644,007.87. This amount does not include any accrued interest, costs, or attorneys' fees which are owed to Chase Bank by Chenoa Properties and which continue to accrue.

**Count 4:** **Breach of Contract (Breach of the 9001 Guaranty and the 9005 Guaranty).**

45. Guarantors Michael D. Goodwin and Patricia Y. Goodwin failed and refused, and continue to refuse, to pay Chase Bank the amounts due and owing under the 9001 Contract and the 9005 Contract as required by the 9001 Guaranty and the 9005 Guaranty. Michael D. Goodwin's and Patricia Y. Goodwin's failure to pay the amounts due and owing constitutes a material breach of contract.

46. Chase Bank has notified Michael D. Goodwin and Patricia Y. Goodwin that Goodwin Orthodontics is in default of its obligations under the 9001 Contract and the 9005 Contract.

47. Chase Bank has performed all conditions precedent to enforcement of the 9001 Guaranty and the 9005 Guaranty or they have been waived.

48. As a result of the breaches by guarantors Michael D. Goodwin and Patricia Y. Goodwin, Chase Bank has been damaged in an amount within the jurisdictional limits of this Court. As of February 14, 2012, the principal amount due on the 9001 Contract is $596,723.99, and the principal amount due on the 9005 Contract is $83,008.92. These amounts do not include

any accrued interest, costs, or attorneys' fees which are owed to Chase Bank by Michael D. Goodwin and Patricia Y. Goodwin.

**Count 5:** **Breach of Contract (Breach of the Chenoa Texas Guaranties).**

49. Guarantors Michael D. Goodwin, Patricia Y. Goodwin, Goodwin DDS, and Goodwin Orthodontics failed and refused, and continue to refuse, to pay Chase Bank the amounts due and owing under the Chenoa Texas Contract, as modified by the Change in Terms Agreement, as they are required to by the Chenoa Texas Guaranties. Michael D. Goodwin's, Patricia Y. Goodwin's, Goodwin DDS's, and Goodwin Orthodontics' failure to pay the amounts due and owing constitutes a material breach of contract.

50. Chase Bank has notified Michael D. Goodwin, Patricia Y. Goodwin, Goodwin DDS, and Goodwin Orthodontics that Chenoa Texas is in default of its obligations under the Chenoa Texas Contract and the Change in Terms Agreement.

51. Chase Bank has performed all conditions precedent to enforcement of the Chenoa Texas Guaranties or they have been waived.

52. As a result of the breaches by guarantors Michael D. Goodwin, Patricia Y. Goodwin, Goodwin DDS, and Goodwin Orthodontics, Chase Bank has been damaged in an amount within the jurisdictional limits of this Court. As of February 17, 2012, the principal amount due on the Chenoa Texas Contract is $670,997.78. This amount does not include any accrued interest, costs, or attorneys' fees which are owed to Chase Bank by Michael D. Goodwin, Patricia Y. Goodwin, Goodwin DDS, and Goodwin Orthodontics and which continue to accrue.

**Count 6:    Breach of Contract (Breach of the Chenoa Properties Guaranties).**

53.    Guarantors Michael D. Goodwin and Goodwin DDS failed and refused, and continue to refuse, to pay Chase Bank the amounts due and owing under the Chenoa Properties Contract as required by the Chenoa Properties Guaranties. Michael D. Goodwin's and Goodwin DDS's failure to pay the amounts due and owing constitutes a material breach of contract.

54.    Chase Bank has notified Michael D. Goodwin and Goodwin DDS that Chenoa Properties is in default of its obligations under the Chenoa Properties Contract.

55.    Chase Bank has performed all conditions precedent to enforcement of the Chenoa Properties Guaranties or they have been waived.

56.    As a result of the breaches by guarantors Michael D. Goodwin and Goodwin DDS, Chase Bank has been damaged in an amount within the jurisdictional limits of this Court. As of February 17, 2012, the principal amount due on the Chenoa Properties Contract is $644,007.87. This amount does not include any accrued interest, costs, or attorneys' fees which are owed to Chase Bank by Michael D. Goodwin and Goodwin DDS and which continue to accrue.

**Count 7:    Attorneys' Fees, Interest, and Costs.**

57.    Pursuant to the terms of the 9001 Loan Documents, the 9005 Loan Documents, the Chenoa Texas Loan Documents, the Chenoa Properties Loan Documents, and pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001(8), Chase Bank is entitled to recover its reasonable attorneys' fees incurred in prosecuting these claims against the Defendants. Chase Bank is also entitled to recover interest, and costs of suit.

## V. PRAYER

WHEREFORE, Plaintiff JPMorgan Chase Bank, N.A. prays that Defendants be cited to appear and answer herein and that Chase Bank have judgment against Defendants for the sums requested herein, including all amounts due and owing under the 9001 Loan Documents, the 9005 Loan Documents, the Chenoa Texas Loan Documents, and the Chenoa Properties Loan Documents, plus pre- and post-judgment interest as allowed by law, plus reasonable and necessary attorneys' fees incurred by Chase Bank in pursuing its claim against Defendants, as well as costs of Court, and for such other and further relief, both general and special, to which Chase Bank may be justly entitled.

Signed and filed on this 5th day of March 2012.

                                        Respectfully submitted,

                                        JACKSON WALKER L.L.P.

By: _____
     David Curcio
     Texas Bar No. 05252500
     Richard A. Howell
     Texas Bar No. 24056674
     1401 McKinney Street, Suite 1900
     Houston, Texas 77002
     Telephone: (713) 752-4246
     Facsimile: (713) 752-4221

**ATTORNEYS FOR PLAINTIFF
JPMORGAN CHASE BANK, N.A.**