**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| GOODWIN ORTHODONTICS, PLLC, | ) CIVIL ACTION NO. 2:12-CV-00057-J |
| MICHAEL D. GOODWIN, | ) |
| PATRICIA Y. GOODWIN, | ) |
| CHENOA TEXAS, LLC, | ) |
| MICHAEL D. GOODWIN, D.D.S., M.S., A | ) |
| PROFESSIONAL CORPORATION | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Come now Goodwin Orthodontics, PCCL, Michael D. Goodwin, Patricia Y. Goodwin, Chenoa Texas, LLC, Michael D. Goodwin, D.D.S., M.S., a Professional Corporation (collectively, "Defendants") and answer Plaintiff's Original Complaint as follows:

1. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph One (1) of Plaintiff's Original Complaint, and on that basis, deny the allegations in Paragraph One (1).

2. That Defendants admit that Defendant, Goodwin Orthodontics, PLLC is a professional limited liability company formed under the laws of the State of Texas whose principal place of business is in Amarillo, Texas; but deny that all members of Goodwin


Orthodontics are citizens of the State of Texas and deny the remainder of the allegations in Paragraph Two (2) of Plaintiff's Original Complaint.

3. That Defendant, Michael Goodwin, admits to the material allegations in Paragraph Three (3) of Plaintiff's Original Complaint.

4. That Defendant, Patricia Y. Goodwin, admits to the material allegations in Paragraph Four (4) of Plaintiff's Original Complaint.

5. That Defendant, Chenoa Texas, LLC, admits to the material allegations in Paragraph Five (5) of Plaintiff's Original Complaint.

6. That Defendants admit to the material allegations in Paragraph Six (6) of Plaintiff's Complaint.

7. That Defendants admit to the material allegations in Paragraph Seven (7) of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

8. That the Defendants admit to the material allegations in Paragraph Eight (8) of Plaintiff's Original Complaint.

9. That the Defendants admit to the material allegations in Paragraph Nine (9) of Plaintiff's Original Complaint.

10. That the Defendants admit to the material allegations in Paragraph Ten (10) of Plaintiff's Original Complaint.

## III. FACTUAL BACKGROUND

### A. The 9001 Loan Documents

11. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Eleven (11) of Plaintiff's Original Complaint, and on that basis, deny the allegations in Paragraph Eleven (11).

12. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Twelve (12) of Plaintiff's Original Complaint, and on that basis, deny the allegations in Paragraph Twelve (12).

13. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Thirteen (13) of Plaintiff's Original Complaint, and on that basis, deny the allegations in Paragraph Thirteen (13).

14. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Fourteen (14) of Plaintiff's Original Complaint, and on that basis, deny the allegations in Paragraph Fourteen (14).

### B. The 9005 Loan Documents

15. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Fifteen (15) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Fifteen (15).

16. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Sixteen (16) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Sixteen (16).

17. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Seventeen (17) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Seventeen (17).

### C. The Chenoa Texas Contract

18. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Eighteen (18) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Eighteen (18).

19. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Nineteen (19) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Nineteen (19).

20. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Twenty (20) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Twenty (20).

21. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Twenty-one (21) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Twenty-one (21).

### D. The Chenoa Properties Contract

22. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Twenty-two (22) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Twenty-two (22).

23. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Twenty-three (23) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Twenty-three (23).

24. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Twenty-four (24) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Twenty-four (24).

25. That Defendants lack knowledge or information sufficient to form a belief about the truth of the material allegations in Paragraph Twenty-five (25) of Plaintiff's Original Complaint without the original document, and on that basis, deny the allegations in Paragraph Twenty-five (25).

### E. Default and Non-Payment

26. That the Defendants admit the material allegations in Paragraph Twenty-six (26) of Plaintiff's Original Complaint.

27. That the Defendants deny the material allegations in Paragraph Twenty-seven (27) of Plaintiff's Original Complaint.

28. That the Defendants admit the material allegations in Paragraph Twenty-eight (28) of Plaintiff's Original Complaint.

29. That the Defendants deny the material allegations in Paragraph Twenty-nine (29) of Plaintiff's Original Complaint.

30. That the Defendants deny the material allegations in Paragraph Thirty (30) of Plaintiff's Original Complaint.

31. That the Defendants deny the material allegations Paragraph Thirty-one (31) of Plaintiff's Original Complaint.

32. That the Defendants deny the material allegations in Paragraph Thirty-two (32) of Plaintiff's Original Complaint.

## IV. CAUSES OF ACTION

**Count 1:     Breach of Contract (Suit on the 9001 Contract and the 9005 Contract).**

33. That the Defendants deny the material allegations in Paragraph Thirty-three (33) of Plaintiff's Original Complaint.

34. That the Defendants deny the material allegations in Paragraph Thirty-four (34) of Plaintiff's Original Complaint.

35. That the Defendants deny the material allegations in Paragraph Thirty-five (35) of Plaintiff's Original Complaint.

36. That the Defendants deny the material allegations in Paragraph Thirty-six (36) of Plaintiff's Original Complaint.

**Count 2:**     **Breach of Contract (Suit on the Chenoa Texas Contract).**

37.     That the Defendants deny the material allegations in Paragraph Thirty-seven (37) of Plaintiff's Original Complaint.

38.     That the Defendants deny the material allegations in Paragraph Thirty-eight (38) of Plaintiff's Original Complaint.

39.     That the Defendants deny the material allegations in Paragraph Thirty-nine (39) of Plaintiff's Original Complaint.

40.     That the Defendants deny the material allegations in Paragraph Forty (40) of Plaintiff's Original Complaint.

**Count 3:**     **Breach of Contract (Suit on the Chenoa Properties Contract).**

41.     That the Defendants deny the material allegations in Paragraph Forty-one (41) of Plaintiff's Original Complaint.

42.     That the Defendants deny the material allegations in Paragraph Forty-two (42) of Plaintiff's Original Complaint.

43.     That the Defendants deny the material allegations in Paragraph Forty-three (43) of Plaintiff's Original Complaint.

44.     That the Defendants deny the material allegations in Paragraph Forty-four (44) of Plaintiff's Original Complaint.

**Count 4:**     **Breach of Contract (Breach of the 9001 Guaranty and the 9005 Guaranty).**

45.     That the Defendants deny the material allegations in Paragraph Forty-five (45) of Plaintiff's Original Complaint.

46. That the Defendants deny the material allegations in Paragraph Forty-six (46) of Plaintiff's Original Complaint.

47. That the Defendants deny the material allegations in Paragraph Forty-seven (47) of Plaintiff's Original Complaint.

48. That the Defendants deny the material allegations in Paragraph Forty-eight (48) of Plaintiff's Original Complaint.

**Count 5:    Breach of Contract (Breach of the Chenoa Texas Guaranties).**

49. That the Defendants deny the material allegations in Paragraph Forty-nine (49) of Plaintiff's Original Complaint.

50. That the Defendants deny the material allegations in Paragraph Fifty (50) of Plaintiff's Original Complaint.

51. That the Defendants deny the material allegations in Paragraph Fifty-one (51) of Plaintiff's Original Complaint.

52. That the Defendants deny the material allegations in Paragraph Fifty-two (52) of Plaintiff's Original Complaint.

**Count 6:    Breach of Contract (Breach of the Chenoa Properties Guaranties).**

53. That the Defendants deny the material allegations in Paragraph Fifty-three (53) of Plaintiff's Original Complaint.

54. That the Defendants deny the material allegations in Paragraph Fifty-four (54) of Plaintiff's Original Complaint.

55. That the Defendants deny the material allegations in Paragraph Fifty-five (55) of Plaintiff's Original Complaint.

56. That the Defendants deny the material allegations in Paragraph Fifty-six (56) of Plaintiff's Original Complaint.

**Count 7:   Attorney's Fees, Interest, and Costs.**

57. That the Defendants deny the material allegations in Paragraph Fifty-seven (57) of Plaintiff's Original Complaint and deny that Plaintiff is entitled the relief requested in Paragraph Fifty-seven (57) of Plaintiff's Original Complaint.

58. That the Defendants deny the material allegations, if any, in the unnumbered paragraph in the "Prayer" section of Plaintiff's Original Petition and deny that Plaintiff is entitled the relief requested in the unnumbered paragraph in the "Prayer" section of Plaintiff's Original Petition.

59. All allegations in Plaintiff's Original Complaint that are not specifically admitted are hereby denied.

## V. AFFIRMATIVE DEFENSES

By further way of Answer, if any is needed, Defendants respectfully plead that each of the following independent defenses precludes Plaintiff's recovery in whole or in part:

1. That the Plaintiff has failed to state a claim upon which relief can be granted.

2. That the Plaintiff's claims are barred in whole or in part by the relevant statute of limitations.

3. That the Plaintiff is not the real party in interest.

4. That Plaintiffs claims are barred in whole or in part because there has been an accord and satisfaction of at least some amounts claimed by Plaintiff to be due from Defendants.

5. That the Plaintiff's claims are barred in whole or in part by Plaintiff's waiver of one or more of its claims.

6. That the Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

7. That the Plaintiff's claims are barred in whole or in part because the Plaintiff failed to perform its obligations under one or more of the relevant contracts.

8. That the Plaintiff's claims are barred in whole or in part because the Plaintiff, to the extent it was damaged, which Defendants deny, failed to mitigate its damages.

9. That said Defendants reserve any and all rights they may have to raise additional defenses, affirmative or otherwise, that may develop during the course of discovery in this litigation.

## VI. JURY DEMAND

Defendants assert their right to a trial by jury and make this demand for a jury trial at least thirty (30) days before the date this case is set for trial and have or shall tender any required jury fee.

## VII. PRAYER

WHEREFORE, premises considered, Defendants respectfully pray that the Plaintiff take nothing in its suit, that this Court grant the Defendants costs of suit, and that Defendants be granted any and all other relief for which this Court finds them to be entitled.

Respectfully submitted,

Clark W. Holesinger
Indiana State Bar No. 11586-64
LAW OFFICES OF CLARK W. HOLESINGER
334 W. 806 N.
Valparaiso, IN  46385
Telephone: (219) 763-7246
attyholesinger@gmail.com

And

Bradley W. Howard
Texas State Bar No. 00786452
Robert C. Vartabedian
Texas State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
Telephone:  (806) 345-6300
Facsimile:  (806) 345-6363
bhoward@bf-law.com
rvartabedian@bf-law.com

By:    /s/ Bradley W. Howard
          Bradley W. Howard

**ATTORNEYS FOR DEFENDANTS**

F:\DOCS\4549\001\PLEADING\22Y2308.DOCX

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this 5th day of April, 2012.

    David Curcio
    Richard A. Howell
    JACKSON WALKER, L.L.P.
    1401 McKinney Street, Suite 1900
    Houston, Texas 77002

                                            /s/ Bradley W. Howard
                                            Bradley W. Howard