IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> GOODWIN ORTHODONTICS, PLLC, <br> MICHAEL D. GOODWIN, <br> PATRICIA Y. GOODWIN, <br> CHENOA TEXAS, LLC, <br> CHENOA PROPERTIES, LLC, and <br> MICHAEL D. GOODWIN, D.D.S., M.S., <br> A PROFESSIONAL CORPORATION, <br><br> Defendants. | NO. 2:12-CV-00057-J |

## **MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

Before the Court is Plaintiff JPMorgan Chase's *Motion for Final Summary Judgment*, filed October 9, 2012. Defendants have not responded, despite additional time to do so. Plaintiff's motion is GRANTED in part for the following reasons.

### **Background**

At issue are four promissory notes and their accompanying guaranties, all allegedly breached after the United States began investigating Defendant Michael Goodwin for health care fraud.

First, known as the "9001 Contract," is a Small Business Administration Note dated January 7, 2008, executed by Defendant Goodwin Orthodontics, and delivered to Chase Bank in the principal amount of $1,337,300. Defendant Michael Goodwin executed and delivered to Chase Bank a Small Business Administration Unconditional Guaranty of the 9001 Contract.

Second, the "9005 Contract," is a promissory note dated February 18, 2010 in the principal amount of $250,000, executed and delivered to Chase Bank by Goodwin Orthodontics. With the 9005 Contract, Defendants Michael and Patricia Goodwin executed and delivered continuing unlimited guaranty agreements unconditionally guaranteeing performance of all of Goodwin Orthodontics' indebtedness to Chase Bank, including the 9001 and 9005 Contracts.

Third, Defendant Chenoa Texas executed and delivered to Chase Bank a promissory note (the "Chenoa Texas Contract") dated December 29, 2008 in the principal amount of $709,485. Defendants Michael Goodwin, Patricia Goodwin, and Goodwin Orthodontics executed guarantees of this contract. Plaintiff claims, but does not support with evidence, that Michael Goodwin D.D.S. ("Goodwin DDS"), also guaranteed this contract.

Fourth, the "Chenoa Properties Contract," executed and delivered by Chenoa Properties to Chase Bank, included a promissory note dated July 24, 2008 in the principal amount of $705,571.46. Michael Goodwin and Goodwin DDS executed guarantees of this contract.

Plaintiff asserts without contradiction that Defendants defaulted on each of the above agreements, including the guaranty agreements, in two ways: first, seizure warrants connected to alleged health care fraud were executed against various Defendants' accounts at JPMorgan Chase Bank, and these warrants constituted attachment or levy—contractual default events under the terms of at least three of the contracts that in turn caused at least two other default events in every contract: material adverse change of and impairment to Defendants' financial position. Second, Defendants failed to make payments according to their contract terms.

In demand letters, Plaintiff notified Defendants of default and acceleration, but Defendants failed to pay according to their contracts and guarantees. Plaintiff exercised its setoff rights to the extent possible, but, with sums still due under each contract, Plaintiff sued

Defendants for breach of the four contracts and their accompanying guaranty agreements, seeking actual damages, contractual and statutory costs, and attorney fees.

## Summary Judgment Standard

A court may render a summary judgment where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (initial burden is on movant to show entitlement to summary judgment with competent evidence). A material fact issue is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The substantive law governing the case will identify which facts are material. *Id.* at 249.

"Summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole [and in the light most favorable to the nonmoving party], could lead to different factual findings and conclusions," *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). If a rational trier of fact, based upon the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992).

## Discussion

To establish breach of contract, Plaintiff must show a valid and enforceable contract performed by Plaintiff and breached by Defendant, causing Plaintiff's injury. *Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Plaintiff has established the notes in question by providing copies to the Court; shown by Defendants' admission that Michael Goodwin authoritatively signed the notes on behalf of Goodwin Orthodontics (9001 and 9005 Contracts), Chenoa Texas (Chenoa Texas Contract), and Chenoa Properties (Chenoa Properties Contract); shown by Defendants' admission that Plaintiff

is the notes' legal owner and holder; asserted without contradiction that it transferred the full amount of each note to Goodwin Orthodontics, Chenoa Texas, and Chenoa Properties, respectively; demonstrated that the United States seized money on deposit in Chase Bank from accounts in the names of Michael Goodwin, Patricia Goodwin, Chenoa Texas, and Goodwin Orthodontics (or some combination of these), a default event under each contract; shown that Defendants received various notices of default and acceleration; established by affidavit and account documents that Defendants have not paid the full balance on any of the four relevant promissory notes; shown that Defendants have not made a payment on the 9001 and 9005 contracts since July 2011; and established by affidavit that certain balances, shown in Table 1, were due and owing on each note. *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex.App.—Dallas 2010, no pet.) (citing *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd)); *see also Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995). Breach has been shown for each of the four contracts.

To prove guaranty liability, Plaintiff has (1) established the existence of the guaranty contracts and shown, by providing copies of the guarantees and of Defendants' admissions, that Plaintiff owns them; (2) proven the terms of the underlying notes by providing copies of the notes; (3) shown that the guarantees are conditioned only upon the principal obligors' default, i.e., the seizures and failures to make scheduled payments; and (4) demonstrated by affidavit and account information Defendants' failure or refusal to perform, demand letters notwithstanding. *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ).

According to the contracts and guaranty agreements, Defendants' account information, and the signed declaration of Sharyn Bennett, Vice President of JPMorgan Chase Bank, Defendants are liable for the following amounts, with per diem beginning October 10, 2012:

Table 1

| | Principal | Interest | Fees | Per Diem | Liable Primary Obligors | Liable Guarantors |
|---|---|---|---|---|---|---|
| 9001 Contract | $596,723.99 | $40,572.11 | $5,349.31 | $101.11 | Goodwin Orthodontics | Michael Goodwin, Patricia Goodwin |
| 9005 Contract | 83,008.92 | $5,529.98 | 1,292.00 | 16.72 | Goodwin Orthodontics | Michael Goodwin, Patricia Goodwin |
| Chenoa Texas Contract | 659,828.44 | 4,179.43 | 20,230.47 | 109.97 | Chenoa Texas | Michael Goodwin, Patricia Goodwin, Goodwin Orthodontics |
| Chenoa Properties Contract | 615,369.79 | 37,353.02 | 6,720.77 | 177.43 | Chenoa Properties | Michael Goodwin, Goodwin DDS |

Plaintiff also seeks attorneys' fees and costs of $33,517.70, based on contract and Texas Civil Practices & Remedies Code § 38.001(8). Plaintiff and its attorney, however, provide the Court with insufficient information to determine how the proposed fee award was calculated.

## Conclusion

Plaintiff's *Motion for Final Summary Judgment* is GRANTED IN PART and DENIED IN PART. The Court GRANTS summary judgment on Plaintiff's claims for breach of contract against Defendants based on the four contracts and their accompanying guarantees. Plaintiff's request for attorney fees and costs is DENIED WITHOUT PREJUDICE. If Plaintiff wishes to seek attorney fees and costs, Plaintiff is instructed to file a motion with the usual supporting data, such as hours expended and hourly rates, and an accompanying affidavit.

It is SO ORDERED.

Signed this the 24th of January, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE